# Clohessy *v.* Western Union Telegraph Company, Appellant.

*Telegraph companies—Eminent domain—Damages—Use and occupation of land.*

Where a telegraph company with the right of eminent domain has maintained its poles and wires over the property of a land owner for more than twenty-one years, it cannot be held liable in an action of trespass, by the land owner for the use and occupation of the land within six years from the institution of the suit, where there is no proof that the damages occasioned by the original taking had not been paid, and where it also appears that the original entry was before plaintiff had acquired title to the land, and there is no proof of any assignment to him of the rights of the owner of the land to damages resulting from the original entry.

Argued April 20, 1915. Appeal, No. 133, April T., 1915, by defendant, from judgment of C. P. Westmoreland Co., Aug. T., 1913, No. 381, on verdict for plaintiff in case of Michael Clohessy v. Western Union Telegraph Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for the occupation of land. Before McCONNELL, J.

The facts are stated in the opinion of the Superior Court.

The defendant presented this point:

"3. Since the defendant company entered upon the public highway through plaintiff's land more than 21 years ago under the proofs in this case, we instruct you that it is presumed that the defendant company made due compensation to the then owner of the reversion in the highway for the easement thus acquired. There is no proof in this case to rebut this presumption of payment."

"Answer: We refuse to affirm this question of law."

(4)

Verdict and judgment for plaintiff for $239. Defendant appealed.

*Errors assigned,* among others, were (4) answer to point as above quoting it, and (6) in entering judgment on the verdict.

*Robert W. Smith,* with him *James S. Moorhead,* for appellant.—In the absence of statutory provisions to the contrary, all easements which may be acquired by grant may also be acquired by prescription: Garrett v. Jackson, 20 Pa. 331; Workman v. Curran, 89 Pa. 226; Newman v. Rutter, 8 Watts 51.

It is not to be presumed that the entry was unlawful: Carter v. Ridge Turnpike Co., 22 Pa. Superior Ct. 162; Covert v. Pittsburgh, Etc., Ry. Co., 204 Pa. 341.

*James L. Kennedy,* with him *Curtis H. Gregg,* for appellee, cited as to prescription: Bennett v. Biddle, 140 Pa. 396; Jones v. Crow, 32 Pa. 398; Chestnut Hill & Spring House Turnpike Co. v. Piper, 77 Pa. 432.

Cited as to the presumption of entry by eminent domain and of payment Van Loon v. Smith, 103 Pa. 238; Armstrong v. Levan, 109 Pa. 177; Stoops v. Kittanning Telephone Co., 242 Pa. 556.

OPINION BY HENDERSON, J., October 11, 1915:

The plaintiff's action is trespass. The cause of action set forth in the statement of claim is the injury sustained from the maintenance of a telegraph line over the plaintiff's land. The complaint set forth four causes of injury, the first of which is the erection and maintenance of three telegraph poles and ten post anchors on cultivated portions of the plaintiff's premises; the second charges the defendant with the maintenance of the whole line across the farm; the third sets forth the injury resulting from so locating a pole near the plaintiff's platform scales as to interfere with the use of them by the plaintiff's pa-

trons; the fourth charges the destruction of four apple trees caused by the attachment of wires thereto for the support of posts. The telegraph line is in the public highway located across the plaintiff's land. His property consists of two farms: one known as the Hayes farm, which he bought in September, 1884; the other known as the Harold farm conveyed to him in 1889. The telegraph line was in existence along the road at the times when the plaintiff bought the farms. It was reconstructed in the latter part of the year 1900, and the early part of 1901, by the substitution of cedar poles for the poles then in use and the number of poles was increased to meet the requirements of the service, causing the use of additional wires. At the trial the court withdrew from the consideration of the jury the evidence relating to the destruction of the apple trees and the occupancy of the plaintiff's inclosed land by the three posts and the guy wires for the reason that the statute of limitations barred a recovery. It appeared that the poles and guy wires were in the field for about a month within the statutory period, but no evidence was offered showing that any damage resulted to the plaintiff and the whole subject of the poles and guy wires in the field was consequently eliminated. The remaining question was the liability of the defendant for damages sustained within six years prior to the time the action was brought because of the maintenance of the telegraph line along the highway. No evidence was offered by the plaintiff or the defendant to show the circumstances under which the latter occupied the road or whether compensation was paid to the owners of the farms at the time of the original entry on the road by the defendant. The plaintiff proceeded on the theory that the defendant was a continuous trespasser. The defendant relied on a right by prescription, on the presumption of a grant or of an appropriation and also on a presumption of payment of compensation arising from the lapse of time. The defendant's second and third points raising the question of the legal sufficiency

of the defendant's position were refused by the court and the jury was instructed to consider the defendant a trespasser. The judgment therefore presumably covers the plaintiff's damages for the defendant's use of the highway for six years immediately preceding the bringing of the action. That the defendant might acquire the right by grant or by entry under its qualified right of eminent domain is not controverted. As an incorporated telegraph company it had authority to contract with the landowner for the use of that portion of the highway necessary for the maintenance of its line, and it might also enter on the highway under the Act of 1874, subject to its constitutional obligation to make just compensation for property taken, injured or destroyed by the construction or enlargement of its works. The evidence warrants the conclusion that the telegraph line had been in operation several years before the plaintiff bought the land, and there is no evidence that the occupancy of the road by it was unlawful. The owner was charged with notice of the conditions existing on the ground and of the fact that the defendant was maintaining its line after he became the purchaser. Without evidence the presumption is that it acquired the right to use the road by one of the methods authorized by law. It cannot be held, therefore, that the defendant is prima facie a trespasser: Carter v. Ridge Turnpike Co., 208 Pa. 565. With the line in use on the road all of the time during his ownership of the premises no complaint appears to have been made by the plaintiff except as to the post near the scales and the posts and guy wires within his fields. These were removed by the defendant at the plaintiff's request, the post at the scales near to a location which the plaintiff pointed out and the posts in the field to the highway as requested by him. His objection at that time was not to the use of the highway but to the use of the premises of which he was in exclusive possession. For more than twenty-one years he seems to have acquiesced in the defendant's use of its property. If in

lawful occupancy of the premises the original owner or under some circumstances the plaintiff might have a claim for damages, but the presumption of payment arising after the lapse of twenty years from the time demand might be made therefor imposes on the claimant the burden of showing that such damages have not been paid. This rule was applied in Carter v. Ridge Turnpike Co., supra, and is of controlling effect in this case. This lapse of time does not preclude the right to recover damages for the entry if as a matter of fact they have not been paid, but the burden of proof is cast on the claimant to prove nonpayment. It is not necessary to consider whether the plaintiff is the party entitled to damages for the use of the road if compensation was not made for such use. It may be that a claim exists in favor of him or prior owners, but that is not now before us.

The appellee relies on a promise to pay damages shown to have been made by the appellant's local superintendent in 1907, to sustain the judgment, but this promise relates to the poles in the field and the pole at the scales, and as the court withdrew from the consideration of the jury the evidence relating to these poles because there was no evidence of the damage resulting to the plaintiff from this injury there is nothing in the case to support a verdict resting on the promise to which the plaintiff referred.

Nor can resort be had to the fact that additional poles were placed in the road and additional wires strung thereon, for the court instructed the jury that this was not such an "enlargement" as entitled the plaintiff to damages and would not support the action of trespass. The damages awarded by the jury, therefore, did not include the plaintiff's claim for an increased servitude. The fourth and sixth assignments are sustained.

The judgment is reversed.