# James *versus* Jarrett.

A judgment was entered against a defendant in 1827. In 1832, a *scire facias* was issued against the defendant and *terre tenants*, and was returned *nihil* as to defendant, and served as to the *terre tenants*, and judgment was entered generally, for want of appearance. In 1849, a *scire facias* issued on the judgment in another county to which the record had been removed under the Act of 1840, against the administrator of the defendant, with notice to *terre tenants*, which was returned served as to the administrator, and *nihil* as to *terre tenants*; in the *scire facias* both of the judgments being recited. It was *held*, that the first *scire facias* (that writ being *the appropriate remedy*) having issued within the time at which the presumption of payment might arise, viz. twenty years, and being prosecuted, and also being issued, not for the sole purpose of repelling the presumption, but with the view of recovering the debt, the presumption of payment of the debt did not arise in 1849, when the last *scire facias* issued. Also ; that the irregularity of the judgment against the original defendant was unimportant in this court; it was considered as regular, no application having been made to set it aside.

ERROR to the District Court, *Philadelphia.*

This was an action of *scire facias* issued in the name of Jonathan Jarrett and others, executors of the will of Azor Lukens, deceased, against David E. James, administrator, &c., of Henry Sandman, deceased, to revive a judgment, issued out of the District Court for the city and county of Philadelphia, to December Term, 1849, No. 40, under the following circumstances :—

On the 9th April, 1827, a judgment was entered in the Court of Common Pleas of Montgomery county, to April Term, 1827, No. 12, on a bond and warrant of attorney, dated April 7, 1827, executed by Henry Sandman in favor of Azor Lukens, in the penal sum of $571.08, conditioned for the payment of $285.54, with interest.

On the 27th February, 1832, a writ of *scire facias* to revive this judgment was issued against the said Henry Sandman, with notice to *terre tenants*, which was returned "*nihil habet* as to defendant, and made known to the *terre tenants.*" On the 14th April, 1832, judgment was entered for want of an appearance. *Fi. fa.* to January Term, 1833, No. 4, returned "stayed by plaintiff's attorney." June 5, 1849, the plaintiff's death was suggested and his surviving executors substituted as plaintiffs. On the 9th November, 1849, a copy of the record was filed in the District Court for the city and county of Philadelphia, under the provisions of the Act of 16th April, 1840 (*Purd. Dig.* 662, Ed. of 1847); and this writ of *scire facias* to revive the said judgment was issued against David E. James, administrator of the original defendant, with notice to *terre tenants*. This writ was returned "made known to defendant, and *nihil habet* as to *terre tenants.*" The defendant appeared and pleaded "payment and *plene administravit.*" Replication, "*non solvit* and assets," and issue.

[James *v.* Jarrett.]

On the trial of the issue, on the 15th May, 1850, before SHARS-WOOD, J., the plaintiff's counsel gave in evidence the record of the proceedings of the case, and closed.  Whereupon the *defendant's* counsel requested the court to charge the jury as follows :—

1. That the issuing of a writ of *scire facias* in 1832, no service of the same having been made upon Henry Sandman (to whose estate defendant administered), is not sufficient to rebut the presumption of payment, by lapse of time.

2. That the judgment entered in 1832, against Henry Sandman, on the return of one "*nihil*," is irregular, and cannot operate to rebut the presumption of payment of the judgment of 1827.

The judge refused so to charge the jury, and, at the request of defendant's counsel, sealed a bill of exceptions.  There was a verdict and judgment for the plaintiffs for $681.41.

It was assigned for error:

1. That the judge refused to charge the jury as requested in the defendant's first point.

2. That the judge refused to charge the jury as requested in the defendant's second point.

The case was argued by *Brightly*, with whom was *Thorn*, for plaintiff in error.—The question presented for the determination of the court is, whether the issuing of a *scire facias*, the return of *nihil habet*, and an irregular judgment thereon, sixteen years before the commencement of the present proceedings, without the delay being in any manner accounted for, is sufficient to rebut the presumption of payment of the original judgment arising from the lapse of upwards of twenty-two years from its recovery.

This question appears to be settled by the case of Cope *v.* Humphreys, 14 *Ser. & R.* 15, where it was ruled that after the lapse of twenty years, a judgment is presumed to have been satisfied, unless there are circumstances to account for the delay. Reference was made to the remarks of DUNCAN, J., on p. 22 of that case.

Evidence of the commencement of a former suit, afterwards abandoned, will not rebut the presumption of payment of a bond on which no interest had been paid for twenty-three years.

*Read*, for defendants in error.—" If a judgment creditor has lain by for twenty years without any effort to enforce his judgment, and it has not been acknowledged by the debtor within that time, it will be presumed to be satisfied:" *Shelford's Real Property Statutes*, in note, p. 240.

This is the principle of Cope *v.* Humphreys, where no proceeding was had on the original judgment for upwards of twenty-two

[*James v. Jarrett.*]

years, and nothing was alleged to rebut the presumption of payment. In Pennsylvania, each revival regularly entered, has the effect of a new judgment in binding land and carrying interest.

The opinion of the court was delivered February 16, by

BLACK,, C. J.—This was a *scire facias* issued in 1849 to revive a judgment originally entered in 1827. The defendant pleaded payment, and, to sustain the plea, relied altogether on the lapse of ·time, it being more than twenty years from the date of the first judgment to the taking out of this writ. If this were the whole case, the defence would have been a clear one. But the plaintiff shows that he issued a *scire facias* in 1832, and that the writ being returned " *nihil habet* as to the defendant, and made known to the *terre tenants*," judgment was taken for want of appearance. The latter judgment, as well as that of 1827, is recited in the present *scire facias*.

We do not stop here to inquire into the regularity of the judgment taken against Sandman, the defendant himself, in 1832 : in the first place, because that is a question which could only be considered on the motion to open it; and, secondly, because in the view we take of the case, it can make no difference whether that judgment was right or wrong.

It is not necessary to discuss the cases. The rule deducible from all of them, whose authority is binding on us, is that where a party has a debt against another evidenced by a specialty or a record, and to which no statute of limitation applies, the burden of proving it unpaid is not thrown upon him who claims it, even in a suit brought more than twenty years after it has become payable, if within the twenty years a fair effort, though an unsuccessful one, has been made to recover it, by suing out legal process for that purpose. In McCulloh *v.* Montgomery, 7 *Ser. & R.* 17, which was a suit brought more than twenty years after the date of the instrument on which it was founded, the record of an earlier suit *for the same debt*, but in a different form of action, was declared by Chief Justice TILGHMAN to be proper and powerful evidence to rebut the presumption of payment set up by the defendant. But a former legal proceeding will not be allowed to have this effect if it was instituted for the sole purpose of repelling the presumption, and not in good faith, with the sincere object of recovering the debt claimed. Nor can it be said that the mere impetration of an original writ (I do not speak of a *scire facias*), without service on the defendant, is the institution of a legal proceeding. The rule must also be understood with this further and very obvious modification, namely, that the suit relied on to repel the presumption of payment must have been commenced before the expiration of the twenty years, and not afterwards, as in the case of Cope *v.* Humphreys, 14 *Ser. & R.* 15; because, although the effort to recover

[James *v.* Jarrett.]

a debt is a circumstance strong enough to prevent the presumption from arising, it is not sufficient to repel that presumption after it has acquired the full force which twenty years' supineness of the creditor would give it.

The present case is clearly within the rule. The plaintiff's proceeding in 1832, was the only one he could have adopted. It is marked with all the signs of a fair prosecution of his claim. He obtained a judgment in a way undeniably proper against the *terre tenants*, which put him in a condition to sell the defendant's land. Moreover, he recovered at the same time a judgment against the defendant himself, of which the regularity must be taken as admitted, since no application has been made to set it aside. These facts fully justified the judge of the District Court in charging the jury that the presumption from lapse of time did not arise.

Judgment affirmed.