208    565
216    310

## Carter, Appellant, v. Ridge Turnpike Company.

*Evidence—Presumption of payment—Turnpike companies—Eminent domain—Damages for land taken.*

In an equitable ejectment brought against a turnpike company to compel the payment of damages for land taken by it under its right of eminent domain, if the action is not instituted until more than twenty years have elapsed from the time the land was taken, the burden is upon the plaintiff to affirmatively prove that the damages were not paid. After such lapse of time there is a presumption that they were paid, which the plaintiff must overcome.

Argued Feb. 22, 1904. Appeal, No. 81, Jan. T., 1903, by plaintiff, from judgment of Superior Court, Jan. T., 1902, No. 52, reversing judgment of C. P. Lackawanna Co., Nov. T., 1899, No. 763, in case of Pulaski P. Carter, Marvin P. Carter and Amelia M. Kennedy v. Ridge Turnpike Company. Before DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from Superior Court. See Carter v. Ridge Turnpike Co., 22 Pa. Superior Ct. 162.

From the record it appeared that an ejectment was brought in the common pleas to recover a strip of land in the first ward of the city of Scranton, which had been taken in 1872 or 1873 by the defendant, and used as a part of its road.

In the court of common pleas judgment was entered for plaintiff. On appeal to the Superior Court the judgment was reversed.

*Error assigned* was in reversing judgment of the common pleas.

*S. B. Price*, for appellants.

*Everett Warren*, of *Willard, Warren & Knapp*, for appellee.

OPINION BY MR. JUSTICE BROWN, March 28, 1904:

In 1872 or 1873, about twenty-seven years before this eject-ment was brought, the Ridge Turnpike Company took posses-sion of the land in controversy, and has ever since been in continuous possession of it, using it as a part of its road. There is nothing, as found by the court below, " to show by what proceeding or under what circumstances it entered into possession." While this is true, the statute provided the two ways by which it could take possession of land " necessary " to it " in the prosecution of " its " works." For no other purpose than that of necessity, mentioned in the statute, was the com-pany authorized to hold land, and hence for no other purpose could it acquire the same by purchase or otherwise. The two ways of acquiring land were by purchase or by the exercise of the right of eminent domain: Act of January 26, 1849, P. L. 10. The ninth section of the act provides: " That no part of this act shall authorize the taking of any property by such company, unless the same be previously paid for, or adequate security given to the owners for the payment thereof."

It is to be presumed, then, that the right to occupy this land for turnpike purposes was acquired in one of these two ways. The contention of the appellants is that it was not acquired by purchase, but by the right of eminent domain, and, as it has not been paid for, payment of the damages sustained by the taking of it can be enforced in this proceeding, which is to be regarded, as it was treated by the court below, as an equitable ejectment. Speaking of the purpose for which the suit was brought, the court said : Nor is it, as we understand it, the purpose of the plaintiffs to attempt to actually take from them the use of the strip of land in question. The action is brought by them to compel payment of damages for the taking of the land." On the argument before us this was practically the position taken by counsel for appellants. If the land was taken under the right of eminent domain, as contended by ap-pellants, and they are, under the authority of Oliver v. Pitts-burg, etc., Railway Co., 131 Pa. 408, the proper parties to bring this suit, there can be no question about their right to recover the damages sustained, if the same have not been paid,

for no statute of limitations can bar their constitutional right to actual compensation for the land so taken from their ancestor : Hannum v. Borough of West Chester, 63 Pa. 475 ; Wheeling, Pittsburg & Baltimore Railroad Co. v. Warrell, 122 Pa. 613 ; Keller v. Harrisburg, etc., Railroad Co., 151 Pa. 67 ; Wheeling, Pittsburg & Baltimore Railway Co. v. Cleland, 37 Legal Int. 466. But, while this is true, there is a rule of evidence with which the appellants have not complied. More than twenty years had elapsed before this equitable ejectment was instituted, and in it there can be no recovery unless the money to enforce the payment of which it was brought has not been paid. With a continuing right to collect the same, barred by no statute and defeated by no adverse possession, there is, nevertheless, the presumption, after twenty years from the time the right to the damages accrued, that they have been paid. The rule that, after the lapse of twenty years, mortgages, judgments and every species of security for the payment of money are presumed to be paid is unbending, universal and invariable. It is applicable both at law and in equity, in the common pleas and the orphans' court : Van Loon v. Smith, 103 Pa. 238 ; Lash v. Von Neida, 109 Pa. 207 ; Biddle v. Girard National Bank, 109 Pa. 349 ; Breneman's Appeal, 121 Pa. 641. As this rule arises from public policy, there is no reason why it should not apply to a case like the present, for it is practically a proceeding for the collection of money for damages sustained, the right to which accrued more than a score of years ago, and the original parties to the transaction out of which this right grew have died or passed away. Such a proceeding is sustained as a means of quickening the action of a corporation in making payment of the damages it has occasioned by taking the land for its corporate purposes, and not as a means of placing the owner of the same in possession of it, for it would be inequitable to do so after he has permitted the corporation to use it and to make expenditures upon it : Oliver v. Railway Co., supra.

The contention of the appellants, sustained by the common pleas, is, that the burden was upon the defendant to show that the land had been paid for. This would be so if twenty years—the period unbendingly fixed as raising a presumption of payment—had not passed before any steps were taken against

the appellee. Notwithstanding the lapse of this time, the right to recover has not been extinguished, if, as a matter of fact, the damages have not been paid. But the rule of evidence to which even the commonwealth is subject (Ash's Estate, 202 Pa. 422) is, that those acting only after twenty years must affirmatively show that fact. What would not have been a burden on those before the twenty years, becomes so thereafter; and what would have been required of the defendant before that time it is not called upon to prove after. In Wheeling, Pittsburg & Baltimore Railway Co. v. Cleland, supra, relied upon by the appellants, and in Wheeling, Pittsburg & Baltimore Railroad Co. v. Warrell, supra, cited by the lower court, more than twenty years had elapsed between the taking of the land and the institution of proceedings to recover for the damages sustained, but it affirmatively appeared in each case that they had not been paid.

We affirm the judgment of the Superior Court on the ground that the presumption of payment of the damages had not been overcome by the plaintiffs, and not for the reason given by that court, that the turnpike company had acquired title by adverse possession. The same learned judge who wrote the opinion said, in Covert v. Pittsburg, etc., Railway Co., 18 Pa. Superior Ct. 541 : " It is well settled that a railroad company entering unlawfully is not absolved from the obligation to make compensation by reason of its possession for twenty-one years." On appeal to us we approved this : Covert v. Pittsburg, etc., Railway Co., 204 Pa. 341. What is true of a railroad company, possessing the right of eminent domain, is equally true of a turnpike company, enjoying the same right.

Judgment affirmed.