## Miller's Estate.

*Contracts—Specialty debts—Presumption of payment after twenty years—Evidence to rebut presumption—Prima facias.*

1. Where a party has a debt against another evidenced by a specialty or a record, to which no statute of limitation applies, the burden of proving it unpaid is not thrown upon him who claims it, even in a suit brought more than twenty years after it became payable, if within twenty years a fair, though unsuccessful, effort has been made to recover the amount of the debt by suing out legal process for that purpose.

2. Where a formal legal proceeding has been taken for the recovery of the debt, the record of which discloses nothing to weaken its effect, the burden rests upon the defendant to show that it was not taken in good faith with the sincere object of recovering the debt claimed.

3. Where. a judgment defendant against whom judgment had been entered in 1883 died in 1911 without having paid the judgment, and it appeared that a writ of fieri facias had been issued in 1886 which had never been returned, and a writ of scire facias to revive and continue the lien had been issued in 1896 which was served on the defendant, the Orphans' Court made no error in allowing the judgment plaintiff to participate in the distribution of the judgment defendant's estate, where it appeared that the scire facias to revive the judgment was marked with all the signs of a fair prosecution of the claim.

James v. Jarrett, 17 Pa. 370, followed.

Argued Oct. 27, 1913. Appeal, No. 168, Oct. T., 1913, by Woman's Hospital of Pittsburgh, from decree of O. C. Allegheny Co., March T., 1913, No. 101, dismissing exceptions to adjudication in Estate of Thomas N. Miller, deceased. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.

*Error assigned* was in dismissing the exceptions.

*John F. Tim,* with him *Sterrett & Acheson,* for appellant.

*Charles A. Robb,* for appellee, was not heard.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

Our attention has not been directed to any case in which the ruling in James v. Jarrett, 17 Pa. 370, has been departed from; nor has any distinction between that case and this been pointed out, except with respect to immaterial facts. The rule there announced, and since uniformly observed, is, that "where a party has a debt against another evidenced by a specialty or a record, and to which no statute of limitations applies, the burden of proving it unpaid is not thrown upon him who claims it, even in a suit brought more than twenty years after it becomes payable, if within twenty years a fair effort, though an unsuccessful one, has been made to recover it by suing out legal process for that purpose."

In the present case the judgment was entered on verdict 28th December, 1883. A writ of fieri facias issued 22d May, 1886, which has never been returned. A writ of scire facias to revive and continue the lien was issued 15th January, 1896, and was returned served on the defendant. To this writ there was an appearance, and the action was pending when the defendant died in 1911. The record shows no further proceeding in the case. In the distribution of the estate of the defendant in the judgment, the plaintiff demanded payment; and it was awarded him, against the objection that because twenty years having elapsed since the entry of the judgment the law presumed payment. The case of James v. Jarrett, 17 Pa. 370, fully supports this ruling. The present case stands clear of the exception to the rule which is in that case remarked upon, namely, that a former legal proceeding will not be allowed to overcome the presumption of payment where the proceeding has not been made in good faith, with the sincere object of recovering debt

claimed, but for the sole purpose of repelling the presumption. The scire facias to revive the judgment in this case, as in that, is marked with all the signs of a fair prosecution of the claim. No burden, therefore, rested on the plaintiff to establish his good faith in connection therewith. By the production of the record, which disclosed nothing to weaken its effect, he has established a prima facie right, and the burden of impairing that prima facie right rested upon the defendant. The assignment of error is overruled, and the judgment is affirmed.