## Croskey, Appellant, *v.* Croskey.

424

Argued January 7, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Ralph C. Croskey,* for appellant.—The order appealed from is a final judgment: Pontius v. Nesbit, 40 Pa. 309; Gemmill v. Butler, 4 Pa. 232; Lorenzo v. Orlady, 87 Pa. 226; Pickersgill v. Myers, 99 Pa. 605.

No attack having been made on the revived judgment, the writ of attachment regular on its face can not be dissolved: Lincoln Gas & Elec. Co. v. Lincoln, 250 U. S. 256; Shelinski v. Obrekes, 97 Pa. Superior Ct. 340; Miller v. Keenan, 90 Pa. Superior Ct. 470; O'Connor v. Flick, 274 Pa. 521; Moll v. Lafferty, 302 Pa. 354; Davis v. Jones, 12 S. & R. 60; Walker v. Wardell, 25 W. N. C. 131.

The issuance of a sci. fa. to revive tolls the running of the twenty year presumption of payment: John's Est., 253 Pa. 532; Lichty v. Hochstetler, 91 Pa. 444; Hunter v. Lanning, 76 Pa. 25; James v. Jarrett, 17 Pa. 370; Miller's Est., 243 Pa. 328.

A writ of attachment sur judgment is not a writ of execution within the meaning of the Act of May 19, 1887, P. L. 132: James v. Jarrett, 17 Pa. 370; Bohan v. Reap, 7 Pa. Superior Ct. 167; Ogilsby v. Lee, 7 W. & S. 444; Gemmill v. Butler, 4 Pa. 232; Swanger v. Snyder, 50 Pa. 218; Shotts v. Agnew, 81 Pa. Superior Ct. 458.

*Patrick J. Friel,* for appellee.—There was no presumption of payment: Coleman v. Trust Co., 255 Pa. 63; Camp v. John, 259 Pa. 38; Pasquinelli v. Mfg. Co., 272 Pa. 468; Steel v. Goodwin, 113 Pa. 288.

Plaintiff abandoned his claim by his laches: Ramsey v. Ramsey, 15 Pa. Superior Ct. 214; Beck v. Finnefrock, 72 Pa. Superior Ct. 357; Meinweiser v. Haines, 110 Pa. 468; Campbell's Est., 22 Pa. Superior Ct. 432; Phila. v. Peyton, 25 Pa. Superior Ct. 350; Biddle v. Bank, 109 Pa. 349; Brankin v. R. R., 286 Pa. 331; Aldine Realty Co. v. Real Est. & Trust Co., 297 Pa. 583; Wheelen v. Phillips, 140 Pa. 33; Shotts v. Agnew, 81 Pa. Superior Ct. 458.

OPINION BY MR. JUSTICE SCHAFFER, March 14, 1932:

The court below dissolved an attachment sur judgment and the plaintiff therein has taken this appeal.

On June 29, 1907, judgment for $5,000 was entered against defendant by confession on a single bill. June 12, 1912, within five years, a sci. fa. was issued to revive the judgment. The writ was served on defendant, who took no action. February 19, 1931, judgment was entered against defendant for $12,845 for want of an affidavit of defense. This was eighteen years, eight months and seven days after the date of issuance of the sci. fa. and twenty-three years, seven months and twenty days from the entry of the original judgment. The same day on which judgment was entered on the sci. fa. an attachment and interrogatories were served upon a garnishee, who appeared and answered. On defendant's motion, the court below dissolved the attachment, giving as its reasons that there is a presumption of payment of the original judgment after the lapse of twenty years from its maturity, that the proceeding is governed by the Act of May 19, 1887, P. L. 132, and that the delay of almost nineteen years in taking judgment on the sci. fa. for want of an affidavit of defense "is contrary to convenience and public policy." As to the last reason given, it

is sufficient to say that we know of no such rule of law and the court cites no authorities in support of it. So far as the first reason given is concerned, it may be observed that we are not dealing with the original judgment or with a presumption of its payment, the judgment in question is that entered on the sci. fa., as to which, of course, there is no presumption. It was entered within twenty years of the issue and service of the sci. fa. Indeed, as to the original judgment, the law is to the contrary, the sci. fa. to revive it having issued within twenty years. "Where a party has a debt against another evidenced by a specialty or a record, and to which no statute of limitation applies, the burden of proving it unpaid is not thrown upon him who claims it, even in a suit brought more than twenty years after it has become payable, if within the twenty years a fair effort, though an unsuccessful one, has been made to recover it, by suing out legal process for that purpose": James v. Jarrett, 17 Pa. 370, 372; Miller's Est., 243 Pa. 328, 329. Defendant relies upon the case of Biddle v. Girard Nat. Bank, 109 Pa. 349, but in that case, as likewise in Van Loon v. Smith, 103 Pa. 238, the presumption of payment was upheld because of pendency of the sci. fa. for more than twenty years.

The second reason given, that the proceeding is governed by the Act of May 19, 1887, P. L. 132, is not a valid one. That act relates to executions upon judgments and a writ of attachment sur judgment is not such a writ of execution. Its title shows that it has nothing to do with such attachment process. It is entitled "An act authorizing the issuing of executions upon judgments, for the purpose of selling personal property of the debtor, after five years from the entry of such judgment, without a previous writ of scire facias to revive the same." A writ of attachment sur judgment is not the process for selling personal property. The text of the act sets forth that "execution may issue upon any judgment......notwithstanding such judgment may

have lost its lien upon real estate, without a previous writ of scire facias to revive the same" and that "such execution shall be confined......to the personal property only of the debtor, and that such execution shall not issue after the lapse of twenty years from the maturity of the judgment." Further provisions of the act show in express language that the writ of execution contemplated is a fi. fa. The statute is without application to this proceeding.

The order of the court below dissolving the writ of attachment is set aside and the writ is reinstated; costs to be paid by the appellee.