## Levan's Estate.

Argued January 29, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John D. Hoffman,* for appellant.

*Calvin F. Smith,* with him *E. C. Nagle,* for appellee.

OPINION BY MR. JUSTICE LINN, March 19, 1934:

The Howertown Church and the Greenwood Cemetery filed a joint petition under the Uniform Declaratory Judgments Act (June 18, 1923, P. L. 840) for a determination of "the nature and extent of the rights and interests which the said Howertown Church, also designated and named St. John's Church of Howertown, Allen Township, Northampton County, Penna., and the Greenwood Cemetery, also known as Greenwood Cemetery Inc., a corporation existing under the laws of the State of Pennsylvania, take or receive in the real estate of Daniel J. Levan, deceased, designated as the Levan Homestead:......"

The will of the donor, Daniel J. Levan, probated in 1896, contained the following paragraph, now requiring construction: "Item: I desire that my said wife shall have the income of my farm situate in Allen Township, being the Levan Homestead, during her lifetime, and after her decease the interest of said farm shall go to the Howertown Church and Cemetery Plots on Greenwood Cemetery held by me and my father, providing said Howertown Church and Cemetery Association pay all taxes assessed against said farm as they come due, keep the fences and buildings thereon in good repairs and in the event that the said Church and Cemetery Association neglect to pay the taxes, and keep the fences and buildings in good repairs as aforesaid any reasonable time, then the income hereby given to said Church and Cemetery Association shall cease, and I hereby order

and direct that said income shall from that time on go to the Reformed Orphan's Home at Womelsdorf, conditioned that said Orphan's Home keep the repairs of the farm in manner and condition as aforesaid."

Testator left surviving him a widow and no children. She remarried and died in 1931, leaving a surviving husband, John H. Danner, to whom she devised all her property.

The learned court below was properly of opinion that, under Levan's will, his widow took a life estate in the Levan Homstead: France's Estate, 75 Pa. 220; Cooper v. Pogue, 92 Pa. 254; Beilstein v. Beilstein, 194 Pa. 152, 45 A. 73. But the court was wrong in holding that the "Howertown Church and the Greenwood Cemetery took an estate in fee in the Levan Homestead......and that the devise over to the Bethany Orphans' Home is invalid and void for remoteness." It is this conclusion which is assigned for error.

We should sustain the assignment, if the matter were properly before us. The law on the subject is too well settled to require discussion. The gift to the church* and to the cemetery took effect at the expiration of the life of the widow, and, therefore, could not transgress the rule against perpetuities. The gift to the Orphans' Home is good, because a charitable trust, effective on a remote contingency in derogation of another charity, is valid: Lennig's Est., 154 Pa. 209, 25 A. 1049; Act of May 9, 1889, P. L. 173; Christ's Hospital v. Grainger, 16 Sim. 83, 60 Reprint 804; Odell v. Odell, 92 Mass. 1, 9; Jones v. Habersham, 107 U. S. 174, 185. On breach of condition by petitioners, the Orphans' Home will be entitled to the enjoyment of the gift.

The difficulty with this appeal is that it was taken by Jacob K. Levan. The record does not make clear to us what his interest is or can be: cf. Toner's Estate, 260

---

* It is immaterial that the church was not incorporated: Shand's Est., 275 Pa. 77, 81, 118 A. 623; Act of May 9, 1889, P. L. 173.

Pa. 49, 103 A. 541. The statute limits the right of appeal to "any party aggrieved": section 22, Orphans' Court Act, 1917, P. L. 363, 383; see Act of June 18, 1923, P. L. 840, sections 2 and 7. We must, therefore, quash the appeal for want of a qualified appellant. As, however, this proceeding may have been brought in the sole interests of the charities, no order for costs will be made.

Appeal quashed.