## Bridges's Estate.

Argued May 15, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edward J. Harkins*, of *Scanlan & Harkins*, for appellant.

*Philip N. Shettig,* with him *William Williams, Donald J. Perry* and *Arthur A. Nelson,* for appellee.

PER CURIAM, May 27, 1935:

The Mercy Hospital of Johnstown, Pa., a "body politic . . . for charitable uses," appeals from a decree of the Orphans' Court of Cambria County, distributing a portion of the assets of the estate of Mary R. Bridges, deceased, to appellee, although it, the hospital, has not now and never has had any pecuniary interest therein. By testatrix's will the hospital was given a remainder interest in a portion of those assets, but as she died less than thirty days after executing her will, the attempted gift was "void and [passed] to the residuary legatee or devisee, heirs or next of kin, according to law: Section 6, Act of June 7, 1917, P. L. 403. The present appellee is the only one who comes within that designation. Since the hospital had and has no pecuniary interest in those assets, it has no standing whatsoever to attack the decree of the court below distributing them. Only a "person [who is] aggrieved by a definitive sentence or decree of the orphans' court may appeal from the same": Section 59 of the Act of March 29, 1832, P. L. 190, 213, reënacted in section 22 of the Orphans' Court Act of June 7, 1917, P. L. 363, 383; Carothers's Est., 300 Pa. 185; Levan's Est., 314 Pa. 274, 276.

The appeal is quashed.