OPINION
ROTH, Circuit Judge:
This case is an appeal from the District Court’s grant of summary judgment against plaintiff, Kim Griffith, in a suit alleging breach of contract and conversion against defendant, Mellon Bank, N.A., for its failure to honor a certificate of deposit. For the reasons stated below, we will affirm the decision of the District Court.
I. Factual Background and Procedural History
As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.
Sometime in January of 2001, plaintiff discovered a certificate of deposit purportedly [1] issued by Mellon Bank, N.A., in the amount of $530,000 which had matured on August 4, 1975. The certificate was unexpectedly discovered in one of several books Griffith had purchased from an unnamed individual. Griffith had not given value for the certificate itself. On its face, the certificate had not been marked paid. After discussions with Mellon concerning the instrument’s validity, Griffith filed suit based on the bank’s failure to honor the certificate and demanded nearly $2.5 million in principal and interest.
Both parties moved for summary judgment on Griffith’s breach of contract and conversion claims. Mellon raised the defense that the certificate had been paid. The District Court found that Griffith was not a holder in due course because he did not take the certificate for value; Griffith paid only for the books in which the certificate was discovered. Griffith does not contest this factual finding. Since Griffith is a mere holder, rather than a holder in due course, Mellon’s argument that the certificate has been paid is a complete *133 defense. 13 Pa. Cons.Stat. § 3602(a) (“an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument and to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged”). The District Court applied an evidentiary presumption of payment based on the over twenty year lapse between maturity and demand. Next, the District Court found that Griffith failed to overcome this presumption. The District Court granted Mellon’s motion for summary judgment and this appeal followed.
Griffith now appeals the District Court’s application of the presumption of payment to a certificate of deposit. In the alternative, Griffith argues that he overcame the presumption. In the context of overcoming the presumption, Griffith claims that he was entitled to numerous adverse inferences against Mellon based on the bank’s alleged spoilation of evidence. Specifically, Mellon argues that he is entitled to a spoilation inference based on eight missing pages from the beginning of a 1987 conversion report issued by Mellon which lists outstanding certificates of deposit; missing information in the files of Mellon’s Assistant Vice President, Bonnie Parks, who investigated Griffith’s claim; and missing documents which allowed Mellon’s in-house counsel, Mr. Marquis, to testify that the certificate of deposit was issued by the bank’s capital markets division.
II. Jurisdiction and Standard of Review
The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, and the matter involves citizens of different states. We have appellate jurisdiction under 28 U.S.C. § 1291.
Our review of the District Court’s interpretations of Pennsylvania’s Uniform Commercial Code (UCC) is de novo. Buczek v. Cont’l Cas. Ins. Co., 378 F.3d 284, 289 n. 2 (3d Cir.2004). Also, our review of the grant of summary judgment is plenary. Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir. 1995). To grant summary judgment, the District Court must find that there is no genuine issue of material fact. Fed. R.Civ.P. 56(c). The District Court must view the facts in the light most favorable to the nonmoving party and must make all reasonable inferences in that party’s favor. Marzano v. Computer Sci. Corp., 91 F.3d 497, 501 (3d Cir.1996). Although entitled to all reasonable inferences, the nonmoving party must present more than a scintilla of evidence. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
III. Discussion
A certificate of deposit consists of an acknowledgment by a bank that a sum of money has been received with a promise to repay. 13 Pa. Cons.Stat. § 3104(J). Thus, a certificate of deposit is a debt. Pennsylvania has an evidentiary presumption that after the lapse of twenty years all debts are presumed to have been paid. Rosenbaum v. Newhoff, 396 Pa. 500, 152 A.2d 763, 765 (1959). This common-law presumption is “unbending, universal and invariable.” Finnegan v. Pennsylvania Higher Educ. Assistance Agency, 690 A.2d 1282, 1284 n. 3 (Pa.Commw.Ct.1997) (quoting Carter v. Ridge Turnpike Co., 208 Pa. 565, 57 A. 988 (1904)).
No case directly applies the presumption to a certificate of deposit. We conclude that this is due to the rarity of keeping a matured certificate for twenty years. Nonetheless, the Superior Court of Pennsylvania’s actions in Flanagan v. Fidelity *134 Bank are illuminating. 438 Pa.Super. 516, 652 A.2d 930 (1995). In Flanagan, the Superior Court applied the presumption to a certificate of deposit before realizing that the debt was, in fact, less than twenty-years old. Id. at 931 n. 2.
Griffith’s argument that the UCC’s statute of limitations precludes the application of the evidentiary burden is unpersuasive. According to the UCC, an action to enforce a certificate of deposit must be commenced within six years after demand for payment is made. 13 Pa. Cons.Stat. § 3118(e). The Supreme Court of Pennsylvania distinguished the evidentiary presumption from the statute of limitations when it held that the “presumption which the law raises after the lapse of twenty years, that a bond or specialty has been paid, is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt.” Gilmore v. Alexander, 268 Pa. 415, 112 A. 9, 11 (1920) (emphasis added). Therefore, the common-law presumption still applies. 13 Pa. Cons.Stat. § 1103 (“Unless displaced by the particular provisions of this title, the principles of law and equity ... shall supplement (the UCC’s) provisions.”).
To overcome the presumption that' debts over twenty years old have been satisfied, the holder must prove by clear and convincing evidence that the debt has not been paid. Rosenbaum, 152 A.2d at 766. This can be accomplished in two ways: direct testimony as to nonpayment, or proof of circumstances tending to negative the likelihood of the claim having been satisfied and an explanation for the delay of the creditor in attempting to enforce the debt. Grenet’s Estate, 332 Pa. 111, 2 A.2d 707, 708 (1938) (emphasis added); Oaks Fire Comp. v. Herbert, 389 Pa. 357, 132 A.2d 193, 196 (1957). An explanation of the creditor’s delay in enforcing his claim is required only when no direct evidence of nonpayment is available. Berkshire Land Co. v. Fed. Sec. Co., 199 F.2d 438, 441 (3d Cir.1952). The certificate of deposit itself is insufficient to rebut the presumption. See Rosenbaum, 152 A.2d at 766 (noting that the evidence of payment “must consist of proof other than the specialty itself.”).
Griffith offers no direct testimony regarding nonpayment. Moreover, Griffith offers no explanation for the twenty-six-year delay in enforcing the debt. An investment explanation is not readily apparent since the certificate did not contain rollover language stating that it would be renewed at the then-prevailing interest rate if not redeemed. In short, the creditor had no reason to hold the certificate past the date of maturity because interest would not accrue under then existing federal law. 12 C.F.R. § 217.3(f) (1975). Therefore, Griffith does not explain the creditor’s delay. This alone is fatal to Griffith’s claim. Oaks Fire Comp., 132 A.2d at 196.
Also, Griffith’s circumstantial evidence supporting nonpayment is insufficient as a matter of law. First, the fact that Griffith possesses an unaltered certificate is insufficient to overcome the presumption. Rosenbaum, 152 A.2d at 766. Second, the fact that the certificate of deposit is not in Mellon’s records or in a 1987 conversion report does not defeat summary judgment. Griffith has not negated Mellon’s explanation that the records do not exist on account of the lapse of time and Mellon’s document retention policy of seven years.[2]
*135 Finally, the District Court was correct in denying adverse inferences against Mellon based on the bank’s alleged spoilation of evidence. In determining whether a spoilation inference should be granted, the District Court must examine the following: (1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and serve as a deterrent. Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir.1994). Griffith has failed to demonstrate that any of the three factors were in his favor. Therefore, the District Court was correct in denying the adverse spoilation inferences.
IV. Conclusion
As Griffith has failed to meet the evidentiary burden which was correctly applied as a matter of Pennsylvania law, we agree with the District Court’s conclusions and will affirm the District Court’s grant of summary judgment for Mellon.

. The actual identity of the issuer is in dispute and was not decided by the District Court.

. It should also be noted that Mellon has presented testimony that all certificates of deposit from the era in question have been paid. See Wyatt v. Mount Airy Cemetery, 209 Pa.Super. 250, 224 A.2d 787, 789 (1966) ("Evidence sufficient to raise a presumption of *135 payment cannot prevail against positive credible evidence of non-payment.”).