## McCullough's Estate.

*Appeals—Findings by auditing judge—Orphans' court.*

The appellate court will not, in the absence of clear error, reverse the findings of fact of an auditing judge of the orphans' court, where such findings have not only been confirmed after full argument on exceptions to the adjudication, but also after a further consideration on a petition for review.

Argued November 26, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 206, Jan. T., 1926, by Joseph C. McCullough, Executor, from decree of O. C. Phila. Co., Jan. T., 1925, No. 765, dismissing exceptions to adjudication in estate of Isabella C. McCullough, deceased.  Affirmed.

Exceptions to adjudication of HENDERSON, J.
Petition for bill of review.  Before GEST, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by VAN DUSEN, J., and petition for bill of review dismissed by GEST, J. Joseph C. McCullough, executor, appealed.

*Errors assigned* were, inter alia, decrees, quoting record.

*George Sterner,* for appellant.

*Richard T. McSorley,* for appellee, was not heard.

PER CURIAM, January 3, 1927:
Isabella C. McCullough died in 1924, leaving a will in which she gave her residuary estate to her three sons, in equal shares, one of whom she appointed executor and authorized him to sell her real estate, Nos. 1730 and 1732 Titan Street, in the City of Philadelphia, "to the highest and best bidder."  Letters testamentary were duly issued to the executor named, who subsequently entered into an oral contract for the sale of the real estate without offering it at public auction.  One of the sons thereupon began proceedings in equity in common pleas, to enjoin the executor from conveying the property pursuant to the oral agreement previously entered into by him, without first offering the premises at public sale to ascertain if a higher price could not be obtained than that offered at the proposed private sale.  The court sustained a demurrer to this bill for the reason jurisdiction of the subject-matter was in the orphans' court. A petition was subsequently filed in the latter court,

alleging failure of the executor to advertise the granting of letters, that he had filed neither inventory, appraisement, nor account, although over a year had passed since the granting of the letters, and, contrary to the provisions of the will, had agreed to sell and convey the real estate at private sale for the sum of $4,500, notwithstanding an offer made by petitioner to pay $5,500 for the property, unless a higher price should be obtained at a public sale. After argument on the petition, answer and replication, the court directed the executor to sell the real estate at public sale, which was accordingly done, and the sum of $7,250 obtained for the two properties. An account was thereafter filed by the executor in which various credits were claimed; after hearing, the auditing judge surcharged accountant in the total sum of $3,036.36, to which exceptions were filed by him. In its opinion dismissing the exceptions to the adjudication, the court in banc made slight modifications by agreement of counsel, but as to the remaining objections said: "We have considered them all carefully, and, as we entirely agree with the conclusions, those exceptions are all dismissed." To this action accountant filed a petition for review of the adjudication, and asked leave to present additional testimony as to indicated items. This petition was dismissed by the court and accountant appealed.

We thus have a case where the findings of the auditing judge were not only confirmed by the court after full argument on exceptions but after a further consideration on a petition for review. Without discussing in detail the various assignments of error, questioning the correctness of items of surcharge, it is sufficient to say the case is one which falls clearly within the rule that findings of an auditing judge, confirmed by the orphans' court, will not be disturbed in absence of clear error. No such error appears in the present record.

The decree of the court below is affirmed at appellant's costs.