J-S39031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONTE RUFFIN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESH UNITED CORPORATION, | : | No. 1755 EDA 2018 |
| MOHAMMAD A. HOSSAIN, FIESTA | : | |
| PIZZA AND ABDELHALIM ABDELKARI | : | |
| | : | |

Appeal from the Judgment Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  October Term 2015,  No. 3327

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 21, 2019**

Appellant Donte Ruffin appeals from the order of the Philadelphia Court of Common Pleas entering judgment in favor of Appellees Desh United Corporation, Mohammad A. Hossain, Fiesta Pizza, and Abdelhalim Abdelkari. Appellant argues that the trial court abused its discretion in allowing certain evidence to be admitted at trial.  We remand for the trial court to prepare a supplemental Pa.R.A.P. 1925(a) opinion.

The trial court summarized the factual background and procedural history of this case as follows:

> On January 16, 2015, Appellee Abdelhalim Abdelkari was delivering pizzas for Fiesta Pizza in Philadelphia, Pennsylvania.  At the intersection of 52nd Street and Chester Avenue, the Appellee suddenly backed his vehicle up and caused an accident with Appellant Donte Ruffin.

_____
* Former Justice specially assigned to the Superior Court.

J-S39031-19

On January 16, 2015, the Appellant brought a civil action against the Appellees Desh United Corporation, Fiesta Pizza, [] Mohammed A. Hossain[, and Abdelhalim Abdelkari.] On February 1, 2017, the matter went to Arbitration, where the Appellant was awarded $25,886.00. Appellees filed a notice of appeal from the arbitrators' award on March 6, 2017 and trial began on November 14, 2017. On November 16, 2017, the jury found for Appellee Abdelhalim Abdelkari.

Trial Court Opinion, 10/30/16, at 1-2.

On November 27, 2017, Appellant filed a post-trial motion. As the trial court took no action on this motion for over 120 days, Appellees filed a praecipe for the entry of judgment on the verdict, which the Prothonotary entered on April 27, 2018. *See* Pa.R.C.P. 227.4.[1] Thereafter, Appellant filed a notice of appeal on May 29, 2018 and a Statement of Matters Complained of on Appeal on August 17, 2018.

_____

[1] The relevant provisions of Rule 227.4 provide as follows:

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:

(1) enter judgment upon the verdict of a jury or the decision of a judge following a trial without jury, or enter the decree nisi as the final decree, if

***

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration[.]

Pa.R.C.P. 227.4.

- 2 -

As an initial matter, we review the trial court's finding that this appeal should be dismissed as untimely filed. Pa.R.A.P. 903(a) provides that "[e]xcept as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). However, our rules of statutory construction provide:

> When any period of time is referred to in any statute, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period. *Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.*

1 Pa.C.S.A. § 1908 (emphasis added).

Although the trial court points out that Appellant's notice of appeal was filed 31 days after judgment was entered on the verdict, the trial court failed to recognize that the 31st day fell on Monday, May 28, 2018, which was Memorial Day, a legal holiday. As a result, the instant appeal filed on May 29, 2018 was timely.

Both of Appellant's claims on appeal challenge the trial court's discretion in admitting certain evidence at trial.

> We review a trial court's evidentiary decisions for an abuse of discretion. *See Schmalz v. Mfrs. and Traders Trust Co.*, 67 A.3d 800, 802–03 (Pa. Super. 2013); *Smith v. Paoli Mem'l Hosp.*, 885 A.2d 1012, 1016 (Pa.Super. 2005) ("Decisions regarding admission of expert testimony, like other evidentiary decisions, are within the sound discretion of the trial court.") (citations omitted). In this context, "[d]iscretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the

law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Schmalz, supra*** at 803, (citation omitted). "To reverse the trial court, the [S]uperior [C]ourt must consider all the evidence in the light most favorable to the appellee and conclude that the verdict would be changed if another trial were granted." ***Woodard v. Chatterjee***, 827 A.2d 433, 440 (Pa.Super. 2003) (citation omitted) (brackets in original).

***Hassel v. Franzi***, 207 A.3d 939, 950 (Pa.Super. 2019).

Specifically, Appellant argues that the trial court abused its discretion in admitting into evidence contents of the police report made at the time of the accident and in allowing opposing counsel to reference the parties' prior arbitration hearing that had not been transcribed. Appellant preserved both of these claims by objecting at trial and raising these specific arguments in his post-trial motion and his Rule 1925(b) statement.

However, we note that the trial court did not provide its reasons for denying Appellant's evidentiary challenges on the record or respond to his arguments in its 1925(a) opinion. As our standard of review requires this Court to review the trial court's discretion in ruling on evidentiary matters, we are constrained to remand the record in this matter for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion. The trial court shall file a supplemental opinion addressing both of Appellant's evidentiary challenges within 45 days of this memorandum. Appellant shall file a supplemental brief, if necessary, within 20 days of receipt of the trial court's Rule 1925(a) opinion.

Appellee shall file a brief,[2] if necessary, within 20 days of receipt of Appellant's supplemental brief.

Record remanded with instructions. Panel jurisdiction retained. Application for Extension of Time to File Appellate Brief denied.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/21/2019*

---

[2] On August 9, 2019, counsel for Appellees filed a request for an extension of time to file an appellate brief responding to the trial court's original opinion that incorrectly deemed this appeal to be untimely filed. Given our decision to remand for the preparation of a supplemental trial court opinion, we deny this motion and direct counsel for Appellees to follow the instructions set forth in this decision.