J-A01002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF EMMA ROY, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DEBORAH MCKINNEY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1564 EDA 2024 |

Appeal from the Order Entered April 23, 2024
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s): 1392 DE of 2022

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 17, 2025**

Appellant Deborah McKinney appeals from the April 23, 2024 order entered by the Orphans' Court Division of the Philadelphia County Court of Common Pleas regarding the real property of the decedent in this estate action. After careful review, we affirm.

This case involves the estate of Emma Roy ("Decedent"), who died on August 26, 2021. Decedent had three children: Rodnell Griffin, Leroy McKinney, and Charles McKinney. In her last will and testament, dated April 18, 2017, Decedent left her estate to her children, including a specific gift to Charles of real property located at 3626 N. Percy Street in Philadelphia ("the Property"). Charles, however, predeceased Decedent in 2018. At the time of his death, Charles was married to Appellant, Deborah McKinney, with whom he had a daughter.

While there is no indication that Decedent amended her will after Charles' death, Decedent allegedly conveyed the Property to herself and her daughter, Ms. Griffin, as tenants with rights of survivorship in a deed dated January 17, 2019 ("First Deed"). Ms. Griffin averred that the First Deed was "hand-delivered to and accepted by Ms. Griffin." Orphans' Ct. Op., 8/9/24, at 3.

After Ms. Griffin realized that she misplaced the First Deed, Decedent signed a new deed dated May 19, 2021 ("Second Deed"), which transferred the Property to herself and Ms. Griffin but omitted the "right of survivorship" language. Ms. Griffin, however, maintained that Decedent intended the deed to have the same effect as the First Deed. As with the First Deed, Ms. Griffin averred that she accepted the hand-delivered Second Deed. Decedent and Ms. Griffin did not record either the First Deed or the Second Deed.

Following Decedent's death, the Register of Wills appointed Ms. Griffin and Leroy as co-executors. Ms. Griffin and Leroy, "acting in their capacity as the Estate's Co-Executors and without advice of counsel, prepared and recorded a third deed, after [Decedent's] death dated October 25, 2021, purporting to convey the property to [Ms. Griffin]" ("Third Deed"). *Id.* at 4.

On November 22, 2022, Appellant filed a petition for citation to show cause why the Co-Executors should not be removed as personal representatives and to void any deeds that may have transferred the Property. The orphans' court presided over two hearings to address the issue.

- 2 -

Less than a week prior to the first hearing on September 7, 2023, the Co-Executors asserted that they found the First Deed. Ms. Griffin testified regarding the deeds and to Decedent's relationship with Appellant, stating that Decedent "got to the point where she really didn't really care for" Appellant because Appellant "never came to visit or check on her" and did not send holiday and birthday cards. N.T., 9/7/23, at 43. During her testimony, Ms. Griffin also acknowledged that she had been convicted in 2013 of a federal wire fraud crime. *Id.* at 57-58.

At this hearing, the Co-Executors also attempted to introduce the testimony of Rev. Dr. Della Jamison, who was a friend of Decedent and knew Ms. Griffin, who was her former boss. The court initially sustained Appellant's objections to Dr. Jaminson's testimony based upon the Dead Man's Act, 42 Pa.C.S. § 5930. Following the first hearing, the court concluded that the Act did not preclude Dr. Jamison's testimony regarding Decedent's state of mind at the time of the First Deed.

At the second hearing on April 8, 2024, Dr. Jamison testified regarding a conversation she had with Decedent and Ms. Griffin at the Property after Charles' death and near the time Decedent executed the First Deed. Appellant challenged portions of Dr. Jamison's testimony as hearsay, specifically her testimony that Decedent complained that Appellant had not sent her birthday or Christmas cards while she was married to Charles. N.T., 4/8/24, at 8-10. The court found the statements admissible either because they were not

hearsay, as they were not presented for the truth of the matter asserted, or because the statements fell under the state of mind exception. *Id.* at 10.

Finding Ms. Griffin and Dr. Jamison credible, the court issued a final decree and opinion on April 23, 2024, concluding that Decedent transferred the Property to herself and Ms. Griffin "as joint tenants with rights of survivorship" under either the First Deed or the Second Deed, which the court reformed to include the right of survivorship language. Orphans' Ct. Op., 4/23/24, at 8-9. The court additionally held that the transfer of the property in the deeds "adeemed the gift of the Property to Charles McKinney and his heirs[,]" in other words, that the property "passed out of the Estate of Decedent upon her death" to Ms. Griffin as the surviving tenant. *Id.* at 8. Finally, the court ordered the Co-Executors "to work with their counsel to ensure that the Department of Records has an accurate set of records regarding the transfers of ownership of the Property." *Id.* at 9.

On May 23, 2024, Appellant filed a notice of appeal. Appellant and the orphans' court complied with Pa.R.A.P. 1925.

Appellant raises the following questions before this Court:

1. Did the lower court err by admitting hearsay evidence of the purported relationship between Appellant and Decedent?

2. Did the lower court err in finding the unrecorded January 2019 deed valid, even though it did not meet the statutory exceptions, *i.e.*, it was not properly notarized and Appellee did not have actual possession of the property at the time of the execution of that deed?

3. Did the lower court err in crediting the January 2019 deed which was found only a few days before trial, the improperly signed May

- 4 -

2021 deed, and the testimony of an interested witness with a prior conviction for dishonest conduct?

Appellant's Br. at 2.

Appellate courts review an orphans' court's determinations "to assure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence." ***In re Est. of Plance***, 175 A.3d 249, 259 (Pa. 2017). "[O]ur standard of review requires us to accept as true all of the evidence supporting the [o]rphans' [c]ourt's findings and all reasonable inferences therefrom, to afford those findings the same weight as a jury verdict, and to sustain the decree of the [o]rphans' [c]ourt absent an abuse of discretion or error of law." ***Id.*** at 266.

In her first issue, Appellant challenges evidence as violative of the rule against hearsay. The admissibility of evidence, including hearsay determinations, "is within the sound discretion of the trial court, which appellate courts will not disturb absent an abuse of discretion or error of law." ***Bayview Loan Servicing LLC v. Wicker***, 206 A.3d 474, 482 (Pa. 2019). Hearsay is an out of court statement offered in court for the truth of the matter asserted. Pa.R.E. 801(c). Hearsay is inadmissible unless it fits within one of the enumerated exceptions, including the following state of mind exception:

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Pa.R.E. 803(3). Statements implicating a declarant's state of mind "are considered reliable based on their spontaneity." *Schmalz v. Manufacturers & Traders Tr. Co.*, 67 A.3d 800, 804 (Pa. Super. 2013).

This Court has recognized three common applications of the state of mind exception: (1) "to prove the declarant's state of mind when that state of mind is an issue directly related to a claim or defense in the case[;]" (2) "to demonstrate that a declarant did a particular act that was in conformity with his or her statement after having made the statement[;]" and (3) to set forth the declarant's "memory or belief" only if "it relates to the execution, revocation, identification or terms of the declarant's will." *Id.* at 804-05 (citation omitted). If a statement is not being introduced for the truth of the matter asserted, then it does not need to satisfy a hearsay exception to be admissible. *Id.* at 804.

Appellant argues that the court abused its discretion in admitting portions of Dr. Jamison's testimony regarding Appellant's relationship with Decedent, which Appellant claims constituted hearsay. Appellant's Br. at 9-13. Appellant emphasizes that each layer of hearsay must meet an exception. *Id.* at 9 (citing Pa.R.E. 805). In so doing, Appellant recognizes that the "state of mind exception could be applied to [Decedent's] supposed intent not to give the Property to [Appellant] after Charles' death[,]" but maintains that Dr. Jamison's testimony regarding the "specific reasons for that intent," namely Appellant's failure to send holiday cards, had to meet its own exception. Appellant's Br. at 11.

Appellant contends that the orphans' court contradicted itself in finding that Dr. Jaminson's testimony relating to the cards met the state of mind hearsay exception while also finding it did not constitute hearsay because it was not offered for the truth of the matter asserted. *Id.* at 10. Appellant attempts to support her claim that the Co-Executors offered Dr. Jamison's statements regarding the cards for their truth by noting that the Co-Executors' counsel also specifically asked Ms. Griffin if Appellant sent Decedent cards. *Id.* at 12. Appellant argues that the alleged error in admitting the hearsay was prejudicial given that the court relied on Dr. Jamison's testimony regarding Decedent's state of mind in support of its conclusion. *Id.*

We reject Appellant's claims. As the orphans' court noted, Appellant did not object to Dr. Jamison's testimony addressing Decedent's intent to leave the house to Ms. Griffin rather than Appellant. Orphans' Ct. Op., 8/9/24, at 8. Instead, Appellant objected only to Dr. Jamison's testimony that Decedent complained that Appellant had not sent her cards. *Id.* We agree with the orphans' court that Dr. Jamison's statements regarding the cards did not constitute hearsay as the Co-Executors did not offer them for the truth of the matter asserted—whether Appellant sent Decedent cards—but instead as evidence that Decedent did not want the property bequeathed to Appellant. *Id.* at 8-9. We find no error in the orphans' court setting forth alternative reasoning to support its decision. Thus, we conclude that the court did not abuse its discretion in admitting Dr. Jaminson's testimony.

\* \* \*

- 7 -

In her second issue, Appellant challenges the validity of the First Deed because Ms. Griffin and Decedent did not record the deed within two years of execution. Appellant's Br. at 13-15. In support, Appellant relies upon a statute declaring deeds to be inadmissible evidence if not recorded within two years, absent an exception:

> No such deed, which shall remain unrecorded as aforesaid, for the said term of two years, shall be permitted to be given in evidence in any of the courts of this commonwealth, unless proven or acknowledged according to the act to which this is a supplement, or unless proven in the manner in which other instruments of writing are proven, by subscribing witnesses or proof of handwriting, or unless, the actual possession of the land has accompanied the said deed.

21 P.S. § 442. Appellant claims that the First Deed does not satisfy the exceptions because it contains a notary stamp without the required certificate and because Decedent rather than Ms. Griffin had actual possession of the Property at the time of delivery of the deed. Appellant's Br. at 13-15.

We reject this argument. Initially, we question Appellant's reliance on Section 442 to challenge the validity of the First Deed when the statute addresses the admissibility rather than the validity of deeds. Moreover, Appellant fails to refute the orphans' court's determination that Appellant did not object to the admission of the deed during the hearing. Orphans' Ct. Op., 8/9/24, at 13. Appellant does not cite to any portion of the record, prior to her Pa.R.A.P. 1925(b) Statement, where she preserved a claim based on Section 442. Accordingly, we conclude that Appellant waived this issue. ***See***

Pa.R.A.P. 302(a) (Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[1]

* * *

In her final issue, Appellant claims that the court abused its discretion in crediting portions of the evidence. We reiterate that we defer to an orphans' court's "determinations of fact, credibility, and the resolution of any conflicts in testimony," as that court had the opportunity to assess the witnesses and evidence presented. *In re Est. of Plance*, 175 A.3d at 253 n.1.

Appellant claims that the court's credibility determinations were "so manifestly unreasonable as to constitute an abuse of discretion" because it "failed to consider several incredible aspects of the proffered documents and testimony." Appellant's Br. at 16*.* Appellant highlights the "series of purported deeds, all of which were highly suspicious," including the First Deed that Ms. Griffin discovered days before the first hearing and that the Co-Executors had not mentioned in initial filings. *Id.* Turning to the Second Deed, Appellant notes that the orphans' court never addressed a discrepancy between the dates of Decedent's signature and the notarization, which differed by a week. *Id.* at 17-18. Regarding the Third Deed, Appellant notes that this posthumous deed did not reference the alleged prior deeds. *Id.* at 18. Finally,

_____

[1] Moreover, we agree with the orphans' court that "recording a deed is not essential to its validity." Orphans' Ct. Op., 8/9/24, at 12. Instead, while the failure to record may be relevant to a court's assessment of the grantor's intent, it is "not dispositive of whether [the grantor] effectuated a valid conveyance." *In re Est. of Plance*, 175 A.3d at 266.

Appellant contends that it was "manifestly unreasonable" for the court to credit Ms. Griffin's testimony given her 2013 federal wire fraud conviction. *Id.* at 19.

We reject Appellant's claims and defer to the orphans' court's credibility determinations. Specifically, the court rejected Appellant's claim that it should have found the deeds suspicious. The court explained that it found the Co-Executors "had perfectly rational explanations" for omitting references to the prior deeds, finding the omissions neither "deliberate [n]or probative of fraud or misconduct[.]" Orphans' Ct. Op., 8/9/24, at 13-14. In regard to the Third Deed's failure to reference the prior deeds, the court opined that the absence resulted from the Co-Executors' "lack of knowledge regarding the legal niceties that must be observed in the preparation of a deed, rather than an effort to obscure the truth." *Id.* at 14. Second, the court held that the omission of the First Deed from their original answer was because they had not found the First Deed at that time of the answer. *Id.*

The court also rejected Appellant's claim that it should not have given weight to Ms. Griffin's testimony based upon her 2013 federal wire fraud conviction. Instead, the court found Ms. Griffin credible, noting that she "testified credibly with candor and without hesitation about this episode in her life, and the other events at issue in this matter." *Id*. at 10. As we defer to the orphans' court's credibility determinations, we conclude that the court did not abuse its discretion in this case in which the court fully explained its rationale.

As we find Appellant's issues either meritless or waived, we affirm the orphans' court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/17/2025